UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Raymond M. Watts, Jr., <br><br> Plaintiff, <br><br> -v- <br><br> Jame's Dzurenda, *et al.*, <br><br> Defendants. | 2:22-cv-02375 <br> (NJC)(ST) <br><br> Consolidated Docket No. <br> 21-cv-01297 <br> (NJC) (ST) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

Plaintiff Raymond M. Watts, Jr. ("Watts") brings this action against Defendants "Jame's Dzurenda" ("Dzurenda")[1] and three "Jhon Doe"s[2] (together, "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") over conditions of confinement in the Nassau County Correctional Center ("NCCC") during the COVID-19 pandemic. (Compl., ECF No. 1.)[3] Before the Court is Dzurenda's Motion to Dismiss the Complaint for failure to prosecute under Rules 37 and 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (Mot., ECF No. 105.) For the following reasons, the Court grants the Motion to Dismiss.

---

[1] The Court assumes that the identification of "Jame's Dzurenda" as a defendant in the Complaint caption is a reference to James Dzurenda. Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation or grammar will not be corrected or noted.
[2] The Court assumes that the identification of "Jhon Doe" in the Complaint caption is a reference to "John Doe."
[3] Citations to "ECF," "Min. Entry," and "Elec. Order" refer to the electronic docket for this matter, while citations to "Cons. ECF," "Cons. Min Entry," and "Cons. Elec. Order" refer to the electronic docket in the lead case in the consolidated action, *Eckert v. Dzurenda et al.*, No. 21-CV-01297 (E.D.N.Y.).

## PROCEDURAL HISTORY[4]

Watts initiated this action on April 22, 2022. (Compl.) On May 9, 2022, Watts filed a motion for leave to proceed in forma pauperis. (ECF No. 5.) On May 11, 2022, this Court granted the motion and appointed Attorney Walter Thompson as pro bono counsel. (Elec. Order, May 11, 2022.) On August 1, 2022, Dzurenda answered the Complaint. (ECF No. 11.)

On October 5, 2022, the parties appeared before Magistrate Judge Steven Tiscione for an initial conference in which the parties agreed that the case should be consolidated for discovery purposes with *Eckert v. Dzurenda et al.*, No. 21-cv-01297 (E.D.N.Y.).[5] (Min. Entry, Oct. 6, 2022.) On October 12, 2022, the matter was consolidated with *Eckert*. (Elec. Order, Oct. 12, 2022.) On November 28, 2022, Judge Tiscione entered the parties' proposed discovery schedule for the consolidated cases, ordering all discovery to be completed by August 6, 2023. (Cons. Elec. Order, Nov. 28, 2022.)

On June 1, 2023, Judge Tiscione granted Plaintiffs' joint motion to extend the discovery schedule, extending the time for Plaintiffs in the consolidated actions to respond to Defendants' discovery demands to July 14, 2023. (Cons. Elec. Order, June 1, 2023; ECF No. 81.) On June 2, 2023, Dzurenda produced discovery to Watts and served him with a first demand for production

---

[4] In light of the fact that Dzurenda's Motion is made solely on procedural grounds and does not otherwise attack the legal sufficiency of Watts' Complaint, the Court does not recite the background facts of this case.

[5] The full list of cases consolidated is: *Eckert v. Dzurenda et al.*, 2:21-cv-01297 (E.D.N.Y.); *Thomas v. Nassau County Corr. Ctr. et al.*, 2:21-cv-1594 (E.D.N.Y.); *Pastrana v. Nassau County Corr. Officers et al.*, 2:21-cv-1671 (E.D.N.Y.); *Martines v. Nassau County Corr. Officers et al.*, 2:21-cv-1735 (E.D.N.Y.); *Escobar v. Nassau County Corr. Ctr. et al.*, 2:21-cv-2145 (E.D.N.Y.); *Legette v. Sherrif's Office et al.*, 2:21-cv-2461 (E.D.N.Y.); *Stroman v. Doe 1 et al.*, 2:21-cv-5827 (E.D.N.Y.); *Holquin v. Dzurenda*, 2:22-cv-1534 (E.D.N.Y.); *Keyes v. Dzurenda et al.*, 2:22-cv-0378 (E.D.N.Y.); *Watts v. Dzurenda et al.*, 2:22-cv-02375 (E.D.N.Y.); *Chimbay v. Dzurenda et al.*, 2:21-cv-02147 (E.D.N.Y.); and *Morinville v. Dzurenda et al.*, 2:22-CV-0527 (E.D.N.Y.).

of documents, a first set of interrogatories, and a notice of deposition. (Ex. 1 at 1, Mot., Cons. ECF No. 105-2.)

On July 17, 2023, Judge Tiscione granted Plaintiffs' second joint motion to extend the discovery schedule, extending the time for Plaintiffs to respond to Defendants' discovery demands to August 2, 2023. (Cons. ECF No. 82; Cons. Elec. Order, July 17, 2023.)

On August 2, 2023, counsel for Watts, Attorney Thompson, served Dzurenda's counsel with an affirmation of due diligence attesting that despite "good faith efforts," including "internet searches and contacting family members on record," he had been unable to locate Watts in order to comply with the Dzurenda's discovery requests. (Ex. 2 ¶¶ 2–3, Mot., Cons. ECF No. 105-3.) Attorney Thompson requested a ninety (90) day extension to the deadline to respond to discovery in order to locate Watts. (*Id*. ¶ 4.)

On October 20, 2023, in response to Judge Tiscione's October 11, 2023 order, the parties submitted a joint status report. (Cons. Elec. Order, Oct. 11, 2023; Cons. ECF No. 85.) The parties reported that Attorney Thompson had been unable to locate Watts and, as a result, had not provided his responses to Dzurenda's discovery requests. (*Id.* at 1.) The parties requested a further extension to the deadline to respond to Dzurenda's discovery requests. (Cons. ECF No. 86.) On October 30, 2023, Judge Tiscione granted the request, ordered a joint status report by November 15, 2023, confirming that Attorney Thompson provided complete responses to Dzurenda's discovery requests, and scheduled a telephone conference for February 12, 2024. (Cons. Elec. Order, Oct. 30, 2023.)

On November 15, 2023, the parties filed a joint status report, advising that Dzurenda had not received any responses from Watts to the written discovery demands. (Cons. ECF No. 87.) Dzurenda reserved the right to "make a further application" regarding discovery issues. (*Id.* at 2.)

3

That same day, Plaintiffs requested a ten (10) day extension to serve their supplemental discovery responses. (Cons. ECF No. 88.) The following day, Judge Tiscione granted a two-week extension of time and ordered a further status report by November 24, 2023. (Cons. Elec. Order, Nov. 16, 2023.)

On November 22, 2023, the parties filed a joint status report. (Cons. ECF No. 89.) Dzurenda indicated that he intended to move to dismiss the action for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P.. (*Id.*)

On November 27, 2023, Judge Tiscione ordered that "all parties must participate" in a telephone conference on December 1, 2023. (Cons. Elec. Order, Nov. 27, 2023.) Attorney Thompson failed to appear at that conference. (Cons. ECF No. 90.)

On December 7, 2023, Judge Tiscione held a telephone conference, which Attorney Thompson attended. (Cons. ECF No. 91.) Judge Tiscione ordered Plaintiffs to produce their outstanding discovery responses by January 8, 2024, and ordered the parties to file a joint status report by January 15, 2024. (*Id.*)[6]

On January 8, 2024, Dzurenda emailed Attorney Thompson asking for responses to his June 2, 2023 discovery demands. (Ex. 3 at 2, Mot., Cons. ECF No. 105-3.)

On January 12, 2024, the parties filed a joint status report, which enumerated the deficiencies in Plaintiffs' supplemental discovery responses in this action and four others. (Cons. ECF No. 92.) The County Defendants advised that they intended to seek dismissal under Rule 41(b) in this action and three others. (*Id*. at 1–3.) Also on January 12, 2024, Dzurenda filed three letters requesting permission to move to dismiss this action and two others that had been

---

[6] Although the December 7, 2023 Minute Entry identifies "January 15, 2023" as the due date for the joint status report, the reference to "2023" rather than "2024" appears to be a typographical error.

consolidated for discovery. (Cons. ECF Nos. 93–95.) On January 16, 2024, Judge Tiscione denied those requests and directed Dzurenda to refer to this Court's rules regarding dispositive motions. (Cons. Elec. Order, Jan. 16, 2024.) On February 14, 2024, Dzurenda filed his unopposed Motion to Dismiss this action pursuant to Rules 37 and 41(b). (Mot., Cons. ECF No. 105; Mem., Cons. ECF No. 105-6; Reply, Cons. ECF No. 106.)

On April 29, 2024, the Court ordered Watts to show cause by May 13, 2024 why this action should not be dismissed with prejudice due to Attorney Thompson's inability to locate Watts, Watts' failure to submit an affidavit or declaration indicating his desire to pursue the action, and the repeated delays and continuous failure of Watts and Attorney Thompson to provide sufficient responses to the County Defendants' discovery demands. (Cons. Order to Show Cause, Apr. 29, 2024.) The Court warned that failure to show cause in response to the order would result in dismissal of this action for failure to prosecute pursuant to Rule 41(b). (Cons. Elec. Order, Apr. 29, 2024.) To this date, neither Watts nor Attorney Thompson has responded to the order to show cause.

Dzurenda asks this Court to dismiss Watts' Complaint with prejudice for failure to prosecute pursuant to Rules 37 and 41(b). (*See generally* Mem.) According to Dzurenda, dismissal in this action is proper under the five factors analyzed under Rule 41(b) because: (1) Watts has failed to sufficiently respond to his discovery demands, which were initially served more than seven months ago, even after being granted numerous extension of time to cure identified deficiencies; (2) Attorney Thompson has acknowledged that he has had no communication with Watts and has been unable to locate him for more than five months; (3) Watts has been on notice of the possibility of dismissal for failure to prosecute since Dzurenda advised the Court that he anticipated making the instant Motion on November 22, 2023; and (4)

5

Watts' delays in providing sufficient discovery responses and counsel's inability to locate him has prejudiced Dzurenda by preventing him from retrieving relevant records and fully investigating Watts' claim and preparing a defense, thereby increasing his litigation costs and preventing the case from moving forward. (Mem. at 7–10.)

Neither Watts nor Attorney Thompson filed a response to Dzurenda's Motion. (*See generally* Cons. ECF No. 106.)

### JURISDICTION

The Court has federal question jurisdiction over Watts' Section 1983 claim pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b) and 18 U.S.C. § 1965 because Dzurenda resides in this judicial district and because a substantial part of the events or omissions giving rise to Watts' claims, which concern conditions in the NCCC, occurred in this judicial district.

The Court has personal jurisdiction over Dzurenda because he is a New York resident, as alleged in the Complaint. (*See* Compl. at 2.) This Court has personal jurisdiction over New York residents. *See* 10A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 1064 (4th Ed. 2020) (describing the defendant's residence in the forum state as one of the oldest bases of personal jurisdiction); *cf. Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (a court may assert personal jurisdiction over foreign defendants "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State.") (quotation marks omitted). Additionally, Dzurenda was properly served by the United States Marshals. (ECF No. 12.)

## DISCUSSION

When considering a Rule 41 motion to dismiss for failure to prosecute, a court must weigh five relevant factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Peters v. CBS Viacom*, No. 23-463-CV, 2023 WL 8270781, at *2 (2d Cir. Nov. 30, 2023) (citing *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)). "Generally, no factor by itself is dispositive." *Id.* (citing *Baptiste*, 768 F.3d at 216). A court's "authority to invoke dismissal for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Peters-Turnbull v. Bd. of Educ. of City of New York*, 7 F. App'x 107, 109 (2d Cir. 2001) (quotation marks omitted). "[D]ismissal is a 'harsh remedy to be utilized only in extreme situations . . .'" *Sessoms ex rel. V.C. v. Comm'r of Soc. Sec.*, No. 21-CV-1788 (RPK), 2022 WL 511646, at *1 (E.D.N.Y. Feb. 21, 2022) (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).

Here, an analysis of the five factors weighs in favor of dismissal with prejudice. First, Attorney Thompson and Watts' failure to comply with Judge Tiscione's orders has caused unreasonable delay. Despite five extensions of the original August 6, 2023 discovery deadline, Attorney Thompson has failed to provide any response to Dzurenda's written discovery requests to Watts in this action, which were served on June 2, 2023. *See Sessoms*, 2022 WL 511646, at *1 (finding delay favors dismissal where plaintiff has "stalled this case for nearly eight months" and noting that "courts have consistently found that delays in the range of five to six months counsel in favor of" dismissal) (collecting cases). Attorney Thompson has been Watts' counsel of record

7

since May 2022—before Dzurenda served his written discovery demands. Watts' failure to provide any discovery responses has effectively stalled the case, preventing any progress through discovery. *See Cohen v. Ridgewood Sav. Bank*, No. 19CV5500RPKRML, 2021 WL 2550388, at *2 (E.D.N.Y. June 22, 2021) (finding unreasonable delay where plaintiffs failed to respond to defendants' motion to dismiss, ignored two court-ordered deadlines, and stalled the case for approximately six months); *Kent v. Scamardella*, No. 07-CV-844 (SHS), 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (delay of three months "weigh[ed] strongly in favor of dismissal" when it "functioned as a complete block to moving th[e] litigation forward"). Moreover, Attorney Thompson has not provided any indication of when he might locate Watts and serve complete responses on his behalf so that Dzurenda may prepare a defense. Accordingly, the unreasonable delay caused by Attorney Thompson and Watts' repeated delays and continuous failure to provide sufficient responses to discovery favors dismissal.

Second, Watts received notice that his continued failure to comply with Judge Tiscione's discovery deadlines may lead to dismissal of this action for failure to prosecute. *See McCorkle v. Sarter*, No. 04-CV-4500(JFB), 2006 WL 2334041, at *2 (E.D.N.Y. Aug. 9, 2006) ("Courts in this District have held that a motion pursuant to Rule 41(b) (as opposed to a sua sponte dismissal by the court) provides the plaintiff with notice.") (brackets and quotation marks omitted). As early as November 22, 2023, Attorney Thompson was on notice that Dzurenda intended to move to dismiss this action for failure to prosecute pursuant to Rule 41(b). (Cons. ECF No. 89.) Watts also received notice through the January 12, 2024 joint status report, in which Dzurenda stated that he intended to move to dismiss this action for failure to prosecute, and through Dzurenda's filing of the Motion to Dismiss on February 16, 2024. (Cons. ECF Nos. 92, 105.) This Court also gave Watts notice via the April 29, 2024 Order to Show Cause, which explicitly notified Watts

that his failure to comply with the Order would result in dismissal with prejudice for failure to prosecute. (Cons. Elec. Order, Apr. 29, 2024.) Accordingly, this factor cuts for dismissal.

Third, Dzurenda is likely to be prejudiced by further delay, which would both prolong his inability to obtain the documents necessary to prepare a defense and would raise his litigation costs. Moreover, "courts may presume such prejudice when, as here, plaintiffs have caused an 'unreasonable delay.'" *Cohen*, 2021 WL 2550388, at *3 (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)). As a result, this factor favors dismissal.

Fourth, "[t]he interest in alleviating docket congestion" weighs in favor of "closing a case that has stalled for more than four months due to plaintiff's failure to comply with court orders . . . ." *Wilson v. Doe 1-4*, No. 21-CV-5170 (RPK), 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022); *see also Sessoms*, 2022 WL 511646, at *2 ("[T]he interest in alleviating docket congestion strongly favors closing a case that has stalled for nearly eight months due to plaintiff's failure to comply with court orders."). Watts has yet to produce complete discovery responses to Dzurenda's June 2, 2023 discovery demand despite having been granted five extensions of time, which moved the original response date of August 6, 2023 to January 8, 2024. (Ex. 1 at 1, Mot. Cons. ECF No. 105-2; Cons. Elec. Order, June 1, 2023; Cons. Elec. Order, July 17, 2023; Cons. Elec Order, Oct. 30, 2023; Cons. Elec. Order, Nov. 16, 2023; Cons. ECF No. 91.) Because Watts' failure to serve complete discovery responses has stalled this case for the last nine months, this factor favors dismissal.

Fifth, the "Court has considered the efficacy of sanctions less than dismissal and has concluded that they are inadequate." *Vanterpool v. Blackman*, No. 12-CV-2961 MKB, 2013 WL 5973874, at *4 (E.D.N.Y. Nov. 5, 2013). "District courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the

overall record." *Id.* (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010) (quotation marks and brackets omitted)). Attorney Thompson affirmed on August 2, 2023, that he has been unable to contact Watts. (Ex. 2 ¶¶ 2–3, Mot. Cons. ECF No. 105-3.) Since that time, Attorney Thompson has provided no indication that he has located Watts or that Watts seeks to pursue this action. The record therefore does not support the conclusion that any sanction other than dismissal makes sense. *See* ECF No. 99-4; *Rowell v. City of New York*, No. 09 CIV. 9178 (DLC), 2010 WL 742582, at *2 (S.D.N.Y. Mar. 2, 2010) (finding dismissal with prejudice appropriate based on: plaintiff's failure to provide executed releases despite repeated requests by the defendant and a court warning; plaintiff's failure to explain that failure; and plaintiff's failure to participate in court proceedings). Accordingly, this factor favors dismissal.

Because analysis of each of the Rule 41(b) factors counsels in favor of dismissal, the Court finds that dismissal for failure to prosecute is proper. The Court declines to consider the imposition of sanctions of any kind against Watts under Rule 37 because Dzurenda failed to make any legal arguments as to why sanctions are appropriate under that rule.

## CONCLUSION

For the reasons set forth above, the Court grants Dzurenda's Motion to Dismiss Plaintiff's Complaint in its entirety with prejudice. (Cons. ECF No. 105.) This case is closed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
May 15, 2024

                                                /s/ *Nusrat J. Choudhury*
                                                NUSRAT J. CHOUDHURY
                                                United States District Judge